Paul J. Widlitz, J.
After an informal discussion had yesterday in my chambers, concerning the divulging of wiretap evidence in this trial, I wish to state my position for the record, so that all counsel may guide themselves accordingly.
The IT. S. Court of Appeals for the Second Circuit was recently confronted with an appeal from an order rendered by the Eastern District of New York, denying a preliminary injunction seeking to prohibit the introduction in this trial of evidence obtained through the tapping of defendants’ telephone wires, in violation of section 605 of the Federal Communications Act of 1934. (U. S. Code, tit. 47, § 605.)
By decision dated April 14, 1960 the court was divided in its thinking as to whether an injunction should issue or not, but a reading of the majority opinion, along with the concurring opinion and the dissent, indicates that the court is unanimous and unequivocal in its opinion that the introduction of wiretap evidence would constitute a violation of a Federal criminal statute. One learned member of the court, in no uncertain terms, stated as follows: “ It is therefore presumptuous to assume that any New York State trial judge will acquiesce to the commission of a crime against the United States in his presence in his courtroom by a witness testifying under oath. Though I hope I have made myself clear that I expect that no evidence of intercepted communications will be admitted at trial and that it is principally because of this belief that I concur in the result reached by the majority ”.
The issues involved herein were resolved, in my opinion, by the decision of the highest court of this land in Benanti v. United States (355 U. S. 96) wherein Chief Justice Wabbeu, speaking for a unanimous court, ruled that the provisions of section 605 of the Federal Communications Act barring the interception and divulgence of telephone conversations were an outright prohibition which did not mean to permit contradictory State legislation.
*4 Since the Congress has enacted this legislation under authority of its granted powers and at the same time this State has a conflicting constitutional provision and law, the “ supremacy clause” contained in the Constitution of the United States charts the course for this court to follow. Paragraph 2 of article 6 of the United States Constitution provides that: ‘1 This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.”
Accordingly, this court will not permit any divulging of wiretap evidence in this trial, for to permit otherwise would, in the words of Judge Waterman of the United States Court of Appeals, constitute an ‘ ‘ extra-ordinary affront ” ' to the Federal court.